**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000468
29-JAN-2021
07:50 AM
Dkt. 180 SO**

NO. CAAP-19-0000468

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
AJ ACHUO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-17-0000357)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant AJ Achuo (**Achuo**) appeals from the Judgment of Conviction and Sentence (**Judgment**), entered on May 22, 2019, in the Circuit Court of the First Circuit (**Circuit Court**).[1] After a jury trial, Achuo was convicted of Murder in the Second Degree, in violation of HRS § 707-701.5,[2] and sentenced under HRS § 706-656.[3]

---

[1] The Honorable Rowena A. Somerville presided.

[2] HRS § 707-701.5 (2014) provides, in relevant part:

(1) Except as provided in section 707-701, a person commits the offense of murder in the second degree if the person intentionally or knowingly causes the death of another person.

(2) Murder in the second degree is a felony for which the defendant shall be sentenced to imprisonment as provided in section 706-656.

[3] HRS § 706-656 (2014) provides, in relevant part:

(2) . . . [P]ersons convicted of second degree murder and attempted second degree murder shall be sentenced to life imprisonment with possibility of parole. The minimum length of imprisonment shall be determined by the Hawaii

continue...

On appeal, Achuo contends that: (1) there was no substantial evidence to support his conviction because the State did not prove beyond a reasonable doubt that his use of deadly force was not justified; and (2) the Circuit Court's instruction to the jury on self-defense was prejudicially erroneous and misleading.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we affirm the Judgment for the reasons set forth below. We examine Achuo's second contention regarding jury instructions before discussing his first contention regarding the sufficiency of the evidence.

(1) Achuo argues that the "Circuit Court's instruction on the use of deadly force in self-protection was prejudicially erroneous and misleading."

We first note that Achuo failed to object to the challenged jury instruction at trial. He must therefore demonstrate instructional error. See State v. DeLeon, 131 Hawaiʻi 463, 479, 319 P.3d 382, 398 (2014); State v. Nichols, 111 Hawaiʻi 327, 141 P.3d 974 (2006). The supreme court has held that "[w]hen jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are prejudicially insufficient, erroneous, inconsistent, or misleading." Nichols, 111 Hawaiʻi at 334, 141 P.3d at 981.

Here, the jury instruction on self-defense stated, in relevant part:

> Self-defense is a defense to the charges of Murder in the Second Degree, Manslaughter, Assault in the First Degree, and Assault in the Second degree. Self-defense involves consideration of two issues. First, you must determine whether the defendant did or did not use "deadly force." Second, you must determine whether the force used was justified. The burden is on the prosecution to prove beyond a reasonable doubt that the force used by the defendant was not justified. If the prosecution does not meet its burden, then you must find the defendant not guilty.

---

[3/] ...continue
paroling authority; provided that persons who are repeat offenders under section 706-606.5 shall serve at least the applicable mandatory minimum term of imprisonment.

The first issue is: Did the defendant use "deadly force"?

"Deadly Force" means force which the defendant uses with the intent of causing, or which he knows to create a substantial risk of causing, death or serious bodily injury.

"Force" means any bodily impact, restraint, or confinement, or the threat thereof.

If you determine that the defendant used "deadly force", then you are to proceed to the section in this instruction entitled "Deadly Force Used." If you determine that the defendant did not use "deadly force," then you are to proceed to the section in this instruction entitled "Deadly Force Not Used." You must then follow the law in the applicable section to determine the second issue, which is whether the force used by the defendant was justified.

Achuo argues that this instruction was prejudicially erroneous and misleading because "it did not require that the jury unanimously determine beyond a reasonable doubt whether Achuo used 'deadly force' before proceeding to the 'Deadly Force Used' instruction." Achuo further asserts that "[d]ue to the court's omission, the jury may not have unanimously determined beyond a reasonable doubt that Achuo had used 'deadly force[,]'" before evaluating whether his actions were justified.

The Hawaiʻi Supreme Court rejected a similar argument in State v. Matuu, 144 Hawaiʻi 510, 520–21, 445 P.3d 91, 101–02 (2019). There, the court reviewed a self-defense instruction that did not require the jury to unanimously find beyond a reasonable doubt that the defendant had used "deadly force." Id. at 517-18, 445 P.3d at 98-99. The court noted that the jury in that case was first instructed on the elements of assault in the first degree (as a lesser included offense of murder in the second degree), which required the jury to find beyond a reasonable doubt that: (1) the defendant caused serious bodily injury to the victim; and (2) the defendant did so intentionally or knowingly. Id. at 518, 445 P.3d at 99. The court reasoned that, "[a]s 'deadly force' means 'force which the defendant uses with the intent of causing, or which he knows to create a substantial risk of causing, death or serious bodily injury,' the elements of first degree assault inherently require a finding that [the defendant used] 'deadly force[.]'" Id.; see HRS § 703-300 (2014) (defining "deadly force"). The court observed that, additionally, the jury was instructed that the finding as to

assault in the first degree must be unanimous.  Id.  Thus, the jury's conviction of the defendant of assault in the first degree necessarily meant that the jury had unanimously found beyond a reasonable doubt that the defendant had used "deadly force," and there was no basis for the defendant's argument that the jury might not have unanimously agreed that he had used deadly force. Id.

There is similarly no basis for Achuo's argument here. The jury was instructed on the elements of murder in the second degree, which required the jury to find beyond a reasonable doubt that:  (1) Achuo intentionally or knowingly engaged in conduct; and (2) by engaging in such conduct, Achuo intentionally or knowingly caused the death of Jeremy Kinon (**Kinon**).  Like the elements at issue in Matuu, the elements of second degree murder inherently required a finding that Achuo used "deadly force," or "force which the defendant uses with the intent of causing, or which he knows to create a substantial risk of causing death or serious bodily injury."  HRS § 703-300.  In addition, the jury was instructed that the verdict as to murder in the second degree must be unanimous.[4]  Thus, as in Matuu, that the jury found Achuo guilty of murder in the second degree necessarily means that the jury unanimously found beyond a reasonable doubt that Achuo used "deadly force."

In Matuu, the supreme court also stated:  "The unanimity requirement as to negativing the defenses would have been much clearer to the jury, however, if it was specifically included in the instructions regarding the State's burden to negative the justification defenses.  We therefore provide

---

[4]     In Matuu, the court held that the circuit court's instructions were not prejudicially insufficient, erroneous, inconsistent, or misleading, where the jury had been instructed in part that: (1) "The burden is on the prosecution to prove beyond a reasonable doubt that the force used by the defendant was not justified.  If the prosecution does not meet its burden, then you must find the defendant not guilty[;]" and (2) "a verdict must represent the considered judgment of each juror, and in order to reach a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous."  144 Hawaiʻi at 520, 445 P.3d at 101 (original brackets omitted).

The same instructions were given in this case.  Additionally, the jury was instructed, "Your verdict must be unanimous[,]" as to each of the charged and lesser-included offenses.

guidance that the circuit courts should follow this practice." 144 Hawaiʻi at 520, 445 P.3d at 101.  Achuo argues that this language "confirms that the instructions in this case were, in fact, prejudicially erroneous and misleading."  As Achuo acknowledges, however, the supreme court issued its opinion in Matuu on June 28, 2019, more than three months after the circuit court gave the self-defense instruction in this case, on March 11, 2019.  Like the circuit court in Matuu, the Circuit Court here could not have benefitted from the supreme court's guidance.  Achuo's argument here is substantially similar to the defendant's argument in Matuu.  For the reasons discussed above, the supreme court rejected that argument and concluded that the challenged jury instructions, when viewed as a whole, were not prejudicially insufficient, erroneous, inconsistent, or misleading.  Based on similar – and in some instances, the same – instructions given here (see supra note 4), we conclude that the jury instructions, when viewed as a whole, were not prejudicially insufficient, erroneous, inconsistent, or misleading.

(2)  Achuo contends "there was no substantial evidence to support [his] conviction where the State failed to prove beyond a reasonable doubt that his use of force or deadly force was not justified in self-protection."

The Hawaiʻi Supreme Court has held:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.  Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.

> [State v. ]Eastman, 81 Hawaiʻi [131,] 135, 913 P.2d [57,] 61 [(1996)] (emphasis added).  Substantial evidence is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  State v. Fields, 115 Hawaiʻi 503, 512, 168 P.3d 955, 964 (2007) (brackets omitted); see also Eastman, 81 Hawaiʻi at 135, 913 P.2d at 61.

State v. Xiao, 123 Hawaiʻi 251, 257, 231 P.3d 968, 974 (2010) (original brackets and emphasis omitted).

HRS § 703-304 (2014) provides, in relevant part:

> **Use of force in self-protection.** (1) Subject to the provisions of this section and of section 703-308, the use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.
>
> (2) The use of deadly force is justifiable under this section if the actor believes that deadly force is necessary to protect himself against death, serious bodily injury, kidnaping, rape, or forcible sodomy.

"[Self-defense] is not designated as an affirmative defense by the Hawaiʻi Penal Code or any other statute[.]" State v. Lubong, 77 Hawaiʻi 429, 431, 886 P.2d 766, 768 (App. 1994). Therefore, "[o]nce evidence of [self-defense] has been adduced, the prosecution has the burden of disproving it beyond a reasonable doubt." Matuu, 144 Hawaiʻi at 520, 445 P.3d at 101 (citing State v. Culkin, 97 Hawaiʻi 206, 215, 35 P.3d 233, 242 (2001) (citing HRS §§ 702-205(b), 703-301(1) (1993); Lubong, 77 Hawaiʻi at 431, 886 P.2d at 768)).

Here, whether sufficient evidence negated Achuo's self-protection justification requires an analysis of whether (1) Achuo used "deadly force," as previously defined, and (2) whether Achuo's belief as to the necessity of deadly force was reasonable. HRS § 703-304(2); see HRS § 703-300 (defining "believes" as "reasonably believes"). The evidence is undisputed that during an altercation, Defendant pulled a kitchen knife from his pants and stabbed Kinon, who died of the wound. The evidence thus sufficiently supports a jury finding that Achuo used "deadly force." See Culkin, 97 Hawaiʻi at 215, 35 P.3d at 242 (concluding that the defendant's conduct constituted deadly force, where he testified to inflicting numerous stab wounds upon the decedent with a kitchen knife); Lubong, 77 Hawaiʻi at 432, 886 P.2d at 769 (concluding that the defendant's conduct constituted deadly force, where the testimony was that the defendant charged at an attacker with a knife).

The supreme court has adopted a two-prong test for assessing a defendant's self-protection justification under HRS § 703-304:

> The first prong is subjective; it requires a determination of whether the defendant had the requisite belief that

> deadly force was necessary to avert death, serious bodily injury, kidnaping, rape, or forcible sodomy.
>
> . . . .
>
> If the State does not prove beyond a reasonable doubt that the defendant did not have the requisite belief that deadly force was necessary, the factfinder must then proceed to the second prong of the test. This prong is objective; it requires a determination of whether a reasonably prudent person in the same situation as the defendant would have believed that deadly force was necessary for self-protection.

Matuu, 144 Hawaiʻi at 520-21, 445 P.3d at 101-02 (quoting Culkin, 97 Hawaiʻi at 215, 35 P.3d at 242). On appeal, Achuo argues that the evidence at trial established both the subjective and objective prongs of his self-protection justification.

Even assuming Achuo had the requisite belief that his use of force was necessary (first prong), we conclude there was substantial evidence to support a finding that a reasonably prudent person in the same situation as Achuo would not have believed that the force exercised by Achuo was immediately necessary for self-protection (second prong).

Achuo asserts that his use of force "was necessary to protect himself," because he "was accosted by several drunk males in the early morning hours while alone at a bus stop." At trial, he testified in part, "They told me to get my bag" and "If they don't get it, they're going to kill me." Achuo also testified: "They kicked me, punch me"; "Then I was so confused I thought I was going to die"; and "That time I thought I was going to die. So that's when I took the knife and stab this guy."

At trial, however, witness BF, a teenaged minor, contradicted Achuo's testimony. BF testified that when he and another male, Darnel, approached the bus stop where Achuo was standing, BF and Darnel did not say anything to Achuo, did not make any motions toward Achuo, and were not causing trouble or picking a fight. During cross-examination, BF also testified that he did not punch or attack Achuo. According to BF, he and Darnel did nothing to provoke Achuo, when Achuo pulled out a kitchen knife from his pants. BF and Darnel backed up, and another teenaged minor male, PP, who appeared to know Achuo, came over, put his hands around Achuo's shoulders, and walked Achuo away.

BF further testified that he was sitting at the bus stop, when he heard a commotion in a nearby alleyway by a black truck. BF ran toward the black truck and saw Achuo stab Kinon. During cross-examination, BF stated that he did not see Kinon arguing or fighting with Achuo. BF further testified that, at first, he thought Kinon was "okay 'cause he was smiling," but when Kinon lifted up his shirt, BF "saw his guts coming – coming out." After Kinon fell to the ground, BF chased after Achuo, who had run "[i]nto his in-law's house."

Patrick Selip (**Selip**), the father of Achuo's girlfriend, also testified at trial. Selip stated that on the night of the incident, at 1:30 a.m., he awoke to see Achuo standing in the middle of his room holding a knife. Selip yelled at Achuo to "give me the knife," but Achuo "never say anything. He just, like, freeze in the middle of the room holding the knife[.]" When Achuo did not respond, Selip grabbed the knife and threw it toward the table. Selip ran out of his apartment after people outside, who were yelling and banging on his doors and windows, broke down the door. Selip testified that when he left his apartment, Achuo was still standing in the apartment, conscious and <u>uninjured</u>.

In light of the above, as well as the other testimony and evidence presented at trial, there is substantial evidence to support a finding that Achuo's use of force in self-defense was not justified. The jury could have given greater weight to the testimony of BF and Selip, which undermined Achuo's testimony that before stabbing Kinon, he (Achuo) was punched, kicked, and thought he was going to die. Indeed, in light of the conflicting testimony as to whether Achuo was attacked and how the stabbing incident unfolded, the jury could have disbelieved Achuo's version of events. <u>See</u> <u>State v. Jhun</u>, 83 Hawaiʻi 472, 483, 927 P.2d 1355, 1366 (1996) ("As the trier of fact, the jury had the prerogative to believe [the defendant] when he admitted to the stabbing and to disbelieve [the defendant] when he asserted that he was merely trying to protect his brother."). On this record, we conclude there was substantial evidence to support a finding that a reasonably prudent person in Achuo's circumstances would

not have believed that it was immediately necessary to stab Kinon for self-protection.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, entered on May 22, 2019, in the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, January 29, 2021.


On the briefs:

Salina Kanai Althof
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge